Joyce **WITTEN**, Plaintiff-Appellant,

v.

Allen **SASSER**, Defendant-Appellee.

No. 228–68.

United States Court of Appeals
Tenth Circuit.

June 9, 1969.

Charles D. Reed, Oklahoma City, Okl., and the Oklahoma Civil Liberties Union filed a brief for plaintiff-appellant.

Granville Tomerlin and Jack High, Oklahoma City, Okl., filed a brief for defendant-appellee.

Before MURRAH, Chief Judge, and PHILLIPS and SETH, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

In this case plaintiff seeks to have a federal district court review a ruling by the chairman of a county convention of a political party in the State of Oklahoma, convened to select delegates to a state convention, which in turn would nominate presidential electors and select delegates to represent the political party at a national convention to nominate candidates for President and Vice President, that a set of delegates from a particular precinct was entitled to be seated as the delegates from that precinct to the county convention, rather than another set of delegates from such precinct, of which plaintiff was a member.

26 Okl.St.Anno. § 522 in part here pertinent provides:

"The State Central Committee of any political party recognized by the laws of this State shall cause a state wide convention of the members of such party to hold with such representation of the members of such party and method of selection as such State Central Committee shall determine for the purpose, among others that such party may desire, of nominating such party's candidates for Presidential Electors. The persons nominated by such conventions as candidates for Presidential Electors for such party shall be certified by name to the Secretary of the State

Election Board by the Chairman, attested by the Secretary, of such State Central Committee at least ninety (90) days but not more than one hundred and eighty (180) days prior to the date of a Presidential Election. * * *."

The complaint merely alleges that the chairman's decision was wrongful. It does not allege any invidious discrimination on account of race, color, or otherwise, or that the decision was arbitrary or capricious. Why, or in what way, the action of the chairman was erroneous is not alleged. For aught that appears in the allegations of the complaint, it merely may have been erroneous because of misinterpretation of the rules of the political party regulating the selection of delegates from the precincts to the county convention, or because of error of fact in deciding which delegation received the most votes at the precinct caucus, or other like reasons, which in nowise involved invidious discrimination or amounted to a deprivation of any right or privilege of a citizen of the United States.

We shall assume, but not decide, because the complaint contains no allegation in respect thereto that the contest between the two delegations was decided by the chairman under the rules of the political party holding the convention authorizing him so to do.

We shall further assume, without so deciding that the political party holding such convention under rules established by such party and not by rules prescribed by state law was "in effect" a state institution "through which sovereign power is exercised by the people," and that the holding and conducting of a political convention by such a party is under color of state law.[1]

We are of the opinion that the mere allegation that the decision was erroneous, even if coupled with such assumptions, was wholly insufficient to give the trial court jurisdiction under 28 U.S.C.A. § 1343 or 42 U.S.C.A. § 1983 to review the correctness of the decision of the chairman of the county convention as to which of the two contesting delegations was entitled to be seated at the county convention as the delegation from its precinct. Otherwise, a decision of a contest between two delegations, each claiming the right to be seated at a party convention, would be open to review in the federal courts on the mere allegation that the decision was erroneous.

Accordingly, the decision of the trial court dismissing the action for want of jurisdiction is affirmed.